UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE WILLIAMS, | ) | CASE NO. 1:16 CV 606 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| LT. KILLIAM, et al., | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants. | ) | AND ORDER |

On March 11, 2016, plaintiff *pro se* Tyrone Williams, an inmate at the Mansfield Correctional Institution, filed this 42 U.S.C. § 1983 action against the following defendants: Lt. Killiam, Captain Lynch, Sgt. Vanbiber, Major Melton, Inspector Melton, Warden Assistant Basquin, Deputy Warden May, Case Manager Henry, Warden Lazeroff, and the Ohio Department of Rehabilitation & Correction. Plaintiff alleges in the Complaint that he was strip-searched after defendant Killiam stated she saw him drop a bag of marijuana. He was later disciplined after Disciplinary Hearing Officer found him guilty after a hearing of possessing marijuana. The finding was based on Killiam's statement. Plaintiff seeks an order from this Court placing a lien on defendants' assets, taking six months of Killiam's pay, and removing

restrictions placed on him as part of his discipline for possessing marijuana.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Beaudette*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

This Court's ability to review prison disciplinary proceedings is limited.  District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt.  *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).  The sole question is whether the hearing complied with basic requirements needed to satisfy due process.

Due process requires only that disciplinary findings be supported by "some evidence" in

the record. *Superintendent, Massachusetts Correctional Institution*, 472 U.S. at 455. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. The Disciplinary Hearing Officer (DHO) is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on "some evidence" that indicates the prisoner is guilty. *Id.* at 457.

Even liberally construed, the Complaint does not contain allegations reasonably suggesting plaintiff was not afforded basic due process requirements, and it is apparent on the face of the Complaint that the DHO had some evidence to support a finding of guilt. Accordingly, this action must be and is hereby dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

May 2, 2016